IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE BURCH, )<br>)<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>COMMONWEALTH OF PENNSYLVANIA, )<br>BOARD OF PROBATION AND PAROLE, et al., )<br>)<br>Defendants. ) | C.A. No. 09-64 Erie<br>Judge McLaughlin |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

  Presently pending before the Court are Motions to Dismiss filed on behalf of the Pennsylvania Board of Probation and Parole, Caroline McVey, Joseph Motts, and Shawn Hartman (Docket No. 12) and the Erie County Public Defender's Office, Tony Logue, Michael DeJohn and Carolyn Gold (Docket No. 20). For the reasons which follow, the motions will be granted.

**I. BACKGROUND**

  The following allegations are gleaned from the Plaintiff's Complaint: on or about August 9, 2006, the Plaintiff, Dale Burch ("Burch"), while on parole for past convictions for operating a motor vehicle without a license, became involved in a non-violent confrontation with his housemate, Sue Van Tassel. (Complaint ¶¶ 11-13). During the course of the altercation, another individual living with Burch and Van Tassel, Nathan Barstow, obtained a knife and stabbed Burch while Van Tassel and her daughter held his arms. (Complaint ¶ 15). Burch sustained injuries that required hospitalization and aftercare. (Complaint ¶ 15). While in the hospital, Burch was interviewed by

Sergeant Kevin Goode of the Corry Police Department concerning the altercation. Goode allegedly found "no evidence of a struggle or injuries to [Van Tassel]." (Complaint ¶ 16).

On August 16, 2006, shortly after his release from the hospital, Burch was arrested and charged with violating his parole by exhibiting "assaultative tendencies" and "failing and refusing to take prescribed psychotropic medication."[1] (Complaint ¶ 17). Burch admits that he had not been taking his medication but blames "Medicaid errors" and an inability to pay for the medication. (Complaint ¶ 17). He denies that he engaged in any "violent or threatening acts" and contends that his arrest was the result of false statements provided by Van Tassel and Barstow and a "personal vendetta" against him by his parole officer, Shawn Hartman ("Hartman"), and the Pennsylvania Board of Probation and Parole ("Parole Board"). (Complaint ¶ 18).

Following his arrest, Plaintiff was provided legal representation through the Erie County Public Defender's Office ("Public Defender's Office") with respect to the parole violations. (Complaint ¶ 19). Assistant Public Defenders Michael DeJohn ("DeJohn") and Carolyn Gold ("Gold") undertook to represent Burch under the direction of Chief Public Defender Tony Logue ("Logue").[2] According to Burch, the Public Defender Defendants refused to gather evidence or interview witnesses, attend parole hearings on his behalf, present evidence or testimony at parole hearings, consult with Burch as to his defense, or otherwise provide adequate legal representation. (Complaint ¶¶ 21-22). Burch contends that the Public Defender Defendants ignored his numerous requests to gather evidence or interview witnesses, including Sergeant Goode. (Complaint ¶ 20). He further contends that the Parole Board and Logue failed to adequately train and supervise DeJohn or Gold, all of which resulted in his confinement pursuant to the allegedly improper parole revocation. (Complaint ¶ 21-22).

---

[1] As a condition of Plaintiff's parole, he was apparently required to take prescribed psychotropic medication for depression and alcohol dependency. See Brief in Opposition to Parole Board Motion to Dismiss, pp. 2, 4-5.

[2] Logue, DeJohn, Gold and the Public Defender's Office will be collectively referred to herein as the "Public Defender Defendants."

On February 17, 2009, Burch filed a Complaint in the Court of Common Pleas of Erie County, Pennsylvania, alleging fourteen separate counts against eight defendants. In addition to the Public Defender Defendants, Burch names as defendants the Parole Board, Hartman, Hartman's Supervisor, Joseph Mott ("Mott"), and the Chairman of the Parole Board, Catherine McVey ("McVey").[3]

Count I of the Complaint seeks relief against all Defendants pursuant to 42 U.S.C. § 1983 claiming, *inter alia*, that his arrest was effectuated without probable cause in violation of the Fourth Amendment. Counts II and VII attempt to state a claim against an individual identified only as "NGD" who does not appear in the caption as a named defendant and against whom Burch makes no factual allegations. Count III alleges a violation of Burch's rights under the Pennsylvania Constitution. Counts IV-VI, VIII-XI and XIII-XIV consist of various state law tort claims against the Parole Board, Mott and Hartman.[4] Finally, in Count XII, Plaintiff asserts a legal malpractice claim against the Public Defender Defendants.

Subsequent to the removal of the action to federal court, the Commonwealth Defendants and the Public Defender Defendants each filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Burch responded to each motion with the assistance of counsel and thereafter supplemented his response with his own *pro se* filing. This matter is ripe for review.

## II. STANDARD FOR REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is

---

[3] Hartman, Mott, McVey and the Parole Board will be collectively referred to herein as the "Commonwealth Defendants."

[4] The specific torts alleged include Malicious Prosecution (Count IV), Malicious Abuse of Process (Count V), False Arrest and Imprisonment (Count VI), Negligence (Count VIII), Gross Negligence (Count IX), Willful Misconduct (Count X), Conspiracy (Count XI), Intentional Infliction of Emotional Distress (Count XIII), and Negligent Infliction of Emotional Distress (Count XIV).

entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3rd Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3rd Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3rd Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

   In other words, at the motion to dismiss stage, a plaintiff is "required to makes a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469 (February 22, 2008) (quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3rd Cir. Feb. 5, 2008)). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of the necessary element." Phillips, 2008 WL 305025, at *6 (quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3).

### III. ANALYSIS

Although the Defendants raise several arguments in support of their motions to dismiss, I will confine my analysis, in large measure, to the two arguments which are dispositive.

    **A.**    **Heck v. Humphrey**

Defendants argue that Burch's federal claims are barred by the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3rd Cir. 2006) (citing Heck, 512 U.S. at 486-87). Thus, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

The holding in Heck has been applied as a bar to relief in § 1983 actions challenging parole revocations. See, e.g., Williams, 453 F.3d at 177. In Williams, the plaintiff was arrested for violating his parole after failing to obtain approval for a change in residence and employment and for failing to properly register as a sex offender. He subsequently filed an action pursuant to § 1983 contending that he had been seized without probable cause, falsely arrested, and falsely incarcerated. Id. at 175-76. Citing Heck, the Third Circuit determined that "success on the § 1983 claim would necessarily demonstrate the invalidity of the Parole Board's decision" because it would undermine the legality of Williams' arrest and confinement. Id. at 177; see also White v. Gittens, 121 F.3d 803,

807 (1st Cir. 1997) (concluding that § 1983 claim based on revocation of parole was barred by Heck); Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."). Because Williams could not demonstrate that the parole revocation had been rendered invalid or otherwise favorably terminated, the Court concluded that § 1983 relief was not available. Id. Moreover, the Court applied the so-called favorable termination requirement despite the fact that habeas relief was no longer available to Williams. Id. at 177-78 (citing Gilles v. Davis, 427 F.3d 197, 210 (3rd Cir. 2005)).

Here, as in Williams, Burch's assertions that his parole revocation and confinement stemmed from an illegal arrest and a lack of due process would "necessarily demonstrate the invalidity of the Parole Board's decision." Id. at 177. Burch concedes that the Parole Board's decision to revoke his parole has never been invalidated or overturned. (Brief in Opposition to Parole Board Motion to Dismiss, p. 4). Instead, Burch asserts that the application of Heck to his § 1983 action would be unfair because he lacked the opportunity or ability to file a habeas corpus petition. This argument does not present a valid legal basis for distinguishing Heck and Williams. See Williams, 453 F.3d at 177-78 (rejecting the argument that Heck does not apply where habeas relief is no longer available). Consequently, Burch's § 1983 claims are not cognizable and will be dismissed.

**B.     Statute of Limitations**

Defendants contend that Burch's federal claims and pendent state law claims are time-barred.[5] A complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the complaint is apparent on its face. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3rd Cir. 1994).

---

[5] As previously discussed, Burch's federal claims are properly dismissed pursuant to Heck. However, since the Defendants have raised the statute of limitations as an alternative defense to the federal claims, I address it *supra*.

With respect to claims pursuant to 42 U.S.C. § 1983, federal courts apply the state court's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 26 (1985); Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3rd Cir. 1998) ("In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury."). In Pennsylvania, the statute of limitations for such actions is two years. 42 Pa. C.S.A. § 5524; see Sameric, 142 F.3d at 599 ("[B]ecause Pennsylvania's statute of limitations for personal injury is two years . . . Sameric's [§ 1983] claims are subject to a two-year statute of limitations.") (citing Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3rd Cir. 1985)). An action pursuant to § 1983 accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp., 142 F.3d at 599.

Burch's state law claims for malicious prosecution (Count IV), malicious abuse of process (Count V), false arrest and imprisonment (Count VI), negligence (Count VIII), gross negligence (Count IX), willful misconduct (Count X), conspiracy (Count XI), legal malpractice (Count XII), intentional infliction of emotional distress (Count XIII), and negligent infliction of emotional distress (Count XIV) are governed by a two year statute of limitations pursuant to Pennsylvania law. 42 Pa.C.S.A. § 5524(1), (7).[6] The statute of limitations accrues on a personal injury action at the time that the injury occurs. Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc., 503 Pa. 80, 84-85

---

[6] 42 Pa. C.S.A. § 5524 provides in relevant part:

> The following actions and proceedings must be commenced within two years:
>
> > (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
> > \*   \*   \*   \*   \*   \*
>
> > (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

(1983) ("[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises . . ."). The Defendants argue that Burch's claim based upon the allegedly unlawful arrest and revocation of his parole, as well as the negligent representation provided by the Public Defender Defendants, accrued in August, 2006. As a result, they contend that the two-year statute of limitations expired well before Burch's complaint was filed on February 17, 2009.

Burch contends, however, that the psychotropic medication he took for his depression and alcohol dependency denied him "the opportunity to learn the full range of his potential claims until he retained counsel in July 2008." (Brief in Opposition to Parole Board Motion to Dismiss, pp. 2-3). As a result, Burch argues that the statute of limitations on his claims did not begin to run until July, 2008.

In actions brought pursuant to § 1983, as discussed above, state law provides not only the statutes of limitations but also the tolling rules, provided those rules do not conflict with federal law and policy. Wallace v. Kato, 549 U.S. 384, 388 (2007); Lake v. Arnold, 232 F.3d 360, 368-69 (3rd Cir. 2000) (recognizing that federal courts "incorporate any relevant state tolling rules" when determining whether a § 1983 action is timely); see also Mathis v. Camden County, 2009 WL 4667094, *4 (D.N.J. 2009) ("[I]n Section 1983 actions, state law provides not only the statute of limitations but also tolling rules, so long as those rules do not conflict with federal law or policy.").[7] Under Pennsylvania law, the "discovery rule tolls the accrual of the statute of limitations when a plaintiff is unable, '*despite the exercise of due diligence*,' to know of the injury or its cause." Mest v. Cabot Corp., 449 F.3d 502, 510 (3rd Cir. 2006) (quoting Pocono Intern., 503 Pa. at 85) (emphasis in original). It is not a plaintiff's lack of awareness as to the full scope of his legal rights that tolls

---

[7] In the "rare circumstance" that a state tolling rule contradicts federal law or policy, the federal doctrine of tolling may also toll the statute of limitations in an action pursuant to § 1983. Mathis, 2009 WL 4667094, n.6; Lake, 232 F.3d at 370 (citing Heck v. Humphrey, 997 F.2d 355, 358 (7th Cir. 1993) ("Equitable tolling can be applied to suits brought under the federal civil rights statutes when the state statute of limitations would otherwise frustrate federal policy."). Here, Burch does not allege, nor does the Court find, that the application of Pennsylvania's tolling rules in this case violate federal law or policy.

the statute, but rather his inability to discover the fact of the *injury* itself. Id. (recognizing that "lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations"). Examples of situations where an injury is not discoverable despite due diligence include "a case of subsurface injury in which, unknown to the plaintiff, the defendant removes coal from his land via access originating on the defendant's land" and "a case of medical malpractice involving the failure of a surgeon to remove an implement of surgery" where the plaintiff "[c]ertainly . . . could not open his abdomen like a door and look in." Id. (citing Lewey v. H.C. Fricke Coke Co., 31 A. 261, 263 (Pa. 1895); Ayers v. Morgan, 154 A.2d 788, 792 (Pa. 1959)).

      Here, there is no basis to apply the discovery rule so as to toll the running of the statute of limitations. Burch was aware of his arrest, parole revocation and alleged inadequate legal representation in August of 2006. He indicates that he attempted to contribute to his defense by making frequent requests of counsel to interview witnesses, present particular testimony at his parole hearings, and competently advocate for his best interests. (Complaint ¶ 21). Burch questioned the adequacy of his representation by Gold and DeJohn at the time that his parole revocation occurred, noting that "Gold seemed to do very little research or preparation for the parole hearing" and "failed and refused to follow Plaintiff's request to gather evidence and to interview witnesses." (Brief in Opposition to Public Defender's Motion to Dismiss, p. 2). The averments in his complaint demonstrate that Burch was aware of his alleged injury and its cause no later than August, 2006. As such, all of his federal and state law claims are time-barred and are properly dismissed on that basis.[8]

### IV. CONCLUSION

      For the reasons stated above, the Motion to Dismiss filed by the Commonwealth Defendants and by the Public Defender Defendants are each GRANTED. This action is dismissed.

---

[8] Because Burch's federal and state law claims "derive from a common nucleus of operative fact," I elect to exercise discretionary pendent jurisdiction over the state law claims for purposes of "judicial economy, convenience and fairness to [the] litigants." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725-27 (1966).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE BURCH,                              )<br>                                                 )<br>                                                 )<br>                                                 )<br>          Plaintiff,                        )<br>     v.                                        )<br>                                                 )<br>COMMONWEALTH OF PENNSYLVANIA,     )<br>BOARD OF PROBATION AND PAROLE, et al., )<br>                                                 )<br>          Defendants.                    ) | C.A. No. 09-64 Erie<br>Judge McLaughlin |

## **ORDER**

AND NOW, this 19th day of March, 2010, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss for failure to state a claim are each GRANTED. Judgment is entered in favor of Defendants and the clerk is directed to mark the case closed.

                                                                          /s/ Sean J. McLaughlin
                                                                          United States District Judge

cm: All parties of record. ___